MATTER OF M/V "AGIOS NECTARIOS"

In Fine Proceedings

HMM–10/11.3

Decided by Board February 19, 1975

(1) Notwithstanding that the carrier was not served with Form I–259, Notice to Detain and Deport, as provided in 8 CFR 252.2, the Service gave proper notice to the carrier as the record contained an affidavit from the master that he was given notice to detain the alien crewman, and his defense conceded such notice was given. The fact of notice rather than the form is controlling, but the Service should make certain the appropriate form is served and a copy, showing proper service, is retained in the file, as provided in the regulation.

(2) Carrier was charged with liability to fine under section 254(a)(2) of the Immigration and Nationality Act. However, the charge should have been preferred under section 254(a)(3) of the Act, because the involved crewman who had been granted a conditional permit to land, had attempted to desert the vessel, was apprehended by the Service and returned to the vessel, and his conditional landing permit was revoked pursuant to section 252(b) of the Act. Notice of this charge under section 254(a)(2), while improper was not a fatal defect where the record clearly reflected that the carrier was well aware of the nature of the violation, was adequately apprised of the factual basis for its liability, and had ample opportunity to intelligently protest.

(3) Where the carrier was well aware of the crewman's inclination to desert and did not take adequate provisions to detain him on board as required, mitigation of the fine was not warranted.

IN RE: M/V AGIOS NECTARIOS, which arrived at the port of Detroit, Michigan, from foreign, on October 18, 1974. Alien crewman involved: ANDRES DE LEON.

BASIS FOR FINE: Act of 1952—Section 254(a)(2) [8 U.S.C. 1284(a)(2)].

ON BEHALF OF CARRIER:  Jeffrey W. Gettleman, Esquire
134 South LaSalle Street
Chicago, Illinois 60603

In a decision dated December 31, 1974, the Acting district director imposed a fine of $1,000 upon the carrier for a violation of section 254(a)(2) of the Immigration and Nationality Act, and he denied the carrier's request for mitigation of the fine. The carrier has appealed from that decision. The appeal will be dismissed.

The record indicates that the alien crewman in question was granted a conditional permit to land in the United States on October 19, 1974. On October 23, 1974, the crewman attempted to desert the vessel. He was

apprehended by the Service, returned to the vessel, and his conditional landing permit was revoked pursuant to section 252(b) of the Act. The alien escaped on October 25, 1974 and has not been apprehended.

The record does not contain a Notice to Detain and Deport, Form I-259, which pursuant to 8 CFR 252.2 should be served on the vessel's agent and, if possible, upon the owner and the master of the vessel. However, the record contains an affidavit from the master indicating that he was given notice to detain the alien crewman, and the carrier's defense concedes that such notice was given. Moreover, in another case involving 8 CFR 252 we held that the fact of notice, rather than its form, was controlling. *Matter of M/V "Oceanic Amity,"* 13 I. & N. Dec. 418 (BIA 1969).

The Notice of Intention to Fine, Form I-79, states that the fine should be imposed under section 254(a)(2) of the Act. We have held, however, that where an arriving alien crewman is granted a conditional landing permit which is later revoked, and that crewman then escapes, a fine for failure to deport the crewman should be brought under subsection (3) of section 254(a) of the Act. *Matter of M/V "Hellenic Leader,"* 10 I. & N. Dec. 737 (BIA 1964); *Matter of M/S "Panaghia Theoskepasti,"* 10 I. & N. Dec. 360 (BIA 1963). Nevertheless, in *Matter of M/V "Oceanic Amity,"* supra, at 421, we held that giving notice of a section 254(a)(2) charge where a section 254(a)(3) charge was proper was not a fatal defect where "the record clearly reflects that the carrier was well aware of the nature of the violation with which it was being charged; was adequately apprised of the factual basis for its liability; and had ample opportunity to intelligently protest, which it did." Our review of the record satisfies us that the foregoing circumstances have been met in the present case. Consequently, the acting district director's decision to fine will be upheld.

Although we are upholding the acting district director's decision in this case, because the record shows that the carrier was not prejudiced in any way, we emphasize that the district director should take steps to insure that the technical deficiencies present in this record do not recur. Specifically, in cases of this type the district director should make certain that (1) a Form I-259 is served on the appropriate parties in accordance with 8 CFR 252.2 and that a copy of that form showing proper service is included in the record, and (2) that the Notice of Intention to Fine states the proper charge under section 254(a)(3) of the Act.

The carrier has challenged the acting district director's refusal to grant mitigation of the fine. Counsel contends that mitigation should be allowed because the master lifted the detainee's papers, posted a guard from the crew, and promptly reported the detainee's escape to the Service.

Mitigation depends on the reasonableness of the carrier's actions in the circumstances of each particular case. *Matter of M/V "Clydefield,"* 10 I. & N. Dec. 165 (BIA 1963); *Matter of M/V "Tung An,"* 11 I. & N. Dec. 700 (BIA 1966). Therefore, while general examples of factors to be considered have been set forth in our prior decisions, the determination as to mitigation in any particular case depends upon the particular factual context in which those factors occur.

In the present case, the carrier was well aware of the alien crewman's inclination to desert, since he had already attempted to do so. The record indicates that when the alien was returned to the vessel after his first attempt to desert, the Service suggested that a professional guard be employed. There were apparently several other detainees on board who had attempted to escape at the same time as the subject alien. The master of the vessel "responded that he was sure the detainees would remain on board and that he would post a watch at the gangway as an extra precaution." The escaped crewman is evidently still at large in the United States.

The precautions taken to detain the alien crewmen on board were not reasonable under the circumstances of this case. The minimal measures taken by the master do not warrant mitigation. Consequently, we agree with the acting district director's decision to deny mitigation. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.